1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Lee Marks, | No. CV 09-1591-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Economic Security; The Arizona Workforce Connection; Kim Thibault; Shawn Berry, | |
| Defendants. | |

Pending before the Court is Defendants Arizona Department of Economic Security ("ADES"), The Arizona Workforce Connection ("AWC"), Kim Thibault, and Shawn Berry's Motion to Dismiss (Doc. # 13). For the reasons that follow, the Court grants Defendants' motion.

**I.      Background**

In July 2009, Plaintiff contacted the AWC about posting a job order. On Plaintiff's job order form, he listed the employer as the "Local National Action Network."[1] Plaintiff

---

[1] The Court expressly notes that the consideration of the job order form, which was attached as an exhibit to Defendants' motion to dismiss, does not convert the motion to dismiss into a motion for summary judgment, as the job order form was relied upon in Plaintiff's complaint and the authenticity of the form cannot be reasonably questioned. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996). Moreover, Plaintiff had the opportunity to discuss the job order form, and Plaintiff did not raise any concerns

listed himself as the contact person in the job order form, including his own address and telephone number. Plaintiff also listed in the form that there was an opening for a Local National Action Network President to work forty hours a week, with the possibility of overtime. Plaintiff wrote "N/A" in both spaces requesting salary and benefits information. Shawn Berry and Kim Thibault, employees of the AWC, refused to post Plaintiff's job order form on the AWC database.

In August 2009, Plaintiff filed the present action alleging a violation of his rights under the Fourteenth Amendment to the United States Constitution, as well as under Title VI and Title VII of the Civil Rights Act of 1964. Defendants now seek to dismiss Plaintiff's action.

**II.     Analysis**

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

---

regarding the order.

1  'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice
2  and Procedure §1202, pp. 94, 95(3d ed. 2004)).

3  Rule 8's pleading standard demands more than "an unadorned, the-defendant-
4  unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing
5  *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will
6  not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual
7  matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*,
8  129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows
9  the court to draw the reasonable inference that the defendant is liable for the misconduct
10 alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a
11 sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts
12 that are 'merely consistent' with a defendant's liability, it 'stops short of the line between
13 possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

14 In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts
15 alleged in the complaint in the light most favorable to the plaintiff and the Court must accept
16 all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435
17 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion
18 couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, the
19 Ninth Circuit has pronounced a "policy of liberal construction in favor of *pro se* litigants."
20 *Rand v. Rowland,* 154 F.3d 952, 957 (9th Cir. 1998). This Court must construe Plaintiffs'
21 complaint liberally and afford Plaintiffs the benefit of any doubt. *Karim-Panahi v. L.A.*
22 *Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). However, the status of pro se "does not
23 relieve the party of the burden of alleging sufficient facts on which a recognized legal claim
24 could be based. Bald assertions and conclusions of law will not suffice." *Kerr v. Wanderer*
25 *& Wanderer,* 211 F.R.D. 625, 629 (D. Nev. 2002) (citation omitted).

26 Plaintiff first alleges that his rights under the Fourteenth Amendment to the United
27 States Constitution have been violated. Plaintiff does not allege what right under the
28 Fourteenth Amendment has been violated. However, given that Plaintiff is seeking an award

of damages and he alleges that "two WHITE law firms" were permitted to post openings for lawyers in the jobs database, it appears that Plaintiff is asserting an equal protection violation under Section 1983.

To establish a Section 1983 equal protection violation, Plaintiff must show that Defendants, acting under color of state law, discriminated against him as members of an identifiable class and that the discrimination was intentional. *See Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Oona, R.S. v. McCaffrey*, 143 F.3d 473, 476 (9th Cir.1998). Plaintiff does not allege that he is a member of a protected class. Moreover, Plaintiff cannot maintain a Section 1983 claim against any of the Defendants. Neither DES nor AWC are "persons" within the meaning of a Section 1983 claim; and, likewise, Berry and Thibault cannot be sued in their official capacities under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

In any event, even in viewing Plaintiff's generally alleged Fourteenth Amendment violation, Plaintiff's claim fails. Plaintiff has not alleged why his job order was not posted, let alone how the refusal to post the job order violated his constitutional rights. While Plaintiff alleges that "white law firms" were allowed to post job orders, he fails to alleged that such firms were similarly situated. Morever, Defendants had a legitimate concern whether Plaintiff's proposed job posting was in any way misleading to the potential applicants responding to the posting. Defendants' concern was exacerbated when Plaintiff listed his own personal contact information under the employer contact information and listed "N/A" under the salary and benefits spaces. Even assuming the allegations contained in Plaintiff's complaint to be true, Plaintiff has failed to allege a viable Fourteenth Amendment violation.

Plaintiff also asserts a claim under Title VI of the Civil Rights Act of 1964. Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42

U.S.C. § 2000d. Similar to his constitutional claim, Plaintiff fails to allege how Defendants discriminated against him on the basis of race, color, or national origin. Upon consideration of Plaintiff's allegations, and for the reasons discussed above, Plaintiff has failed to plead a plausible claim under Title VI. *Iqbal*, 129 S.Ct. at 1949.

Plaintiff also pleads a claim for relief under Title VII of the Civil Rights Act of 1964. Under Title VII, it is unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e(2)(a)(1). Because Title VII only speaks to discrimination in the employment context, Plaintiff's Title VII claim fails because Plaintiff has failed to allege an employee/employer relationship. That is, Plaintiff has not alleged that he is, or was at any time, employed by Defendants. Hence, Plaintiff's claim for employment discrimination under Title VII fails.

**III.    Conclusion**

For the foregoing reasons, Plaintiff has failed to allege a viable claim for relief under the United States Constitution, as well as under Title VI and Title VII. As such, the Court grants Defendants' motion to dismiss. However, in this case, Plaintiff has not amended once as a matter of right under Federal Rule of Civil Procedure 15. The Ninth Circuit Court of Appeals has instructed that this Court cannot dismiss a complaint in these circumstances, unless this Court determines that an amendment could not cure the deficiencies. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). In this case, the Court cannot say that the deficiencies could not be cured by amendment; therefore, the Court will grant the motion to dismiss with leave to amend.

Accordingly,

**IT IS ORDERED** that Defendants Arizona Department of Economic Security, The Arizona Workforce Connection, Kim Thibault, and Shawn Berry's Motion to Dismiss (Doc. # 13) is granted.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days to file an amended complaint to cure the deficiencies identified herein. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court shall, without further Court order, enter judgment of dismissal, with prejudice as to this entire case.

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Plaintiff's Second Reply (Doc. # 17) is denied.

DATED this 8th day of April, 2010.

_____
James A. Teilborg
United States District Judge